CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 28 2019

JULIA C. DUDLEY, CLERK
BY: /s/ H. McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| HERBERT OVERTON, JR., | ) |
| Plaintiff, | ) CASE NO. 7:19CV00267 |
| v. | ) MEMORANDUM OPINION |
| VETERANS AFFAIRS MEDICAL CENTER, ROANOKE VIRGINIA, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Herbert Overton, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. I conclude that Overton's complaint fails to state any claim actionable under Bivens and must be summarily dismissed.[1]

Overton alleges that he was "sexually assaulted and assaulted" by six people who "squeez[ed his] butt and . . . put [him] in restraints for no apparent reason," while they falsely claimed that he had assaulted someone. (Compl. 2 [ECF No. 1].) The only defendant that Overton names is the "Veterans Affairs Medical Center" in Roanoke, Virginia.

In Bivens, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of individual, federal officials. 403 U.S. at 392. As there is no veterans' hospital in Roanoke, I will assume that Overton intends to sue the medical center operated by the Department of Veterans Affairs in Salem, Virginia. A medical center, however, does not qualify

---

[1] A complaint filed by an inmate against "a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

as proper defendant in a Bivens action, because it is not a federal official. See, e.g., FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that a Bivens action is unavailable against federal agencies).

While the court sometimes allows pro se litigants to amend a complaint if it appears to state a possible, viable claim against someone, I do not find that option warranted in this case. Because Bivens actions do not have an express limit period, claims filed pursuant to Bivens are subject to the analogous state statute of limitations. Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir.1983). Overton's allegations concern conduct that occurred in Virginia. Accordingly, his Bivens claims about that conduct must be brought "within two years after the cause of action accrues," as required by the Virginia Code. Va. Code Ann. § 8.01-243(A). Records in this court indicate that Overton's claims arise from alleged events at the medical center that occurred in October 2010. See Overton v. Veterans Affairs Medical Center, Roanoke Virginia, 7:18CV00114 (W.D. Va. 2018) (see complaint, first page); Overton v. Veterans Affairs Medical Center, Roanoke Virginia, 7:18CV00437 (W.D. Va. 2018) (see complaint, fourth page). Overton is currently confined at a federal prison in Missouri and has been for well over a year. Before that, he was confined at the federal medical center in Butner, North Carolina, for some time, as reflected by other claims initially raised in the complaint in this case.[2] Because I am satisfied that Overton's claims against anyone from the medical center in Salem are now barred by the applicable statute of limitations, I decline to allow him to file an amended complaint in this action.

---

[2] By previous order, I severed Overton's claims against individuals at Butner and transferred them to the United States District Court for the Eastern District of North Carolina.

2

For the stated reasons, I find it appropriate to dismiss this action without prejudice, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will enter this day. Dismissal without prejudice leaves Overton free to refile his claims in a new and separate civil action if he can correct the deficiencies described herein.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTERED** this 28th day of May, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE